803 F.2d 1181
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Terry W. JONES, Plaintiff-Appellant,
v.
Dr. KAPIL, Defendant-Appellee.
 No. 86-6680.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 29, 1986.
Decided Oct. 21, 1986.
 
 Terry W. Jones, appellant pro se.
 Mary Moffett Hutcheson Priddy, McGuire, Woods & Battle, for appellee.
 E.D.Va.
 AFFIRMED.
 Before HALL and SPROUSE, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Terry W. Jones, a Virginia inmate, appeals the order of the district court dismissing this 42 U.S.C. Sec. 1983 case. Jones alleged in his complaint that defendant Dr. Kapil denied him proper medical treatment for his ankle. Specifically, Jones made the following allegatons: that on September 13, 1985, Dr. Kapil discontinued medication which had been prescribed for the pain and swelling in his ankle without having examined his ankle; that on September 17, 1985, Dr. Kapil examined his ankle during the course of a general physical examination and refused to prescribe any medication until he checked his records, saying that he would get back to Jones but he never did; that on October 4, 1985, Jones again requested to see Dr. Kapil about his ankle; and that on October 5, 1985, when Dr. Kapil finally prescribed medication for Jones, he received the wrong pills. The district court dismissed the complaint on the ground that Dr. Kapil did not act "under color of" state law for purposes of Sec. 1983. Jones now appeals this dismissal.
 
 
 2
 The district court found that although Dr. Kapil was employed full-time by the state, he had no supervisory or custodial duties regarding inmates and he made his medical decisions based on his own medical judgment. On these facts the district court concluded that Dr. Kapil did not act under color of state law and dismissed the complaint on that basis.
 
 
 3
 To maintain a Sec. 1983 action, a plaintiff must establish that a health care provider such as Dr. Kapil was deliberately indifferent to a serious medical need and acted under color of state law. Estelle v. Gamble, 429 U.S. 97 (1976); Calvert v. Sharp, 748 F.2d 861 (4th Cir.1984).
 
 
 4
 We find that even if Dr. Kapil were acting under color of state law, a question we do not decide, Jones has not shown that Dr. Kapil was deliberately indifferent to his serious medical needs. For this reason, we affirm the judgment of the district court and dispense with oral argument because the dispositive issues have been decided authoritatively.
 
 
 5
 AFFIRMED.